UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:05CV-P51-R

**REX STAPLETON**                                                                                       **PLAINTIFF**

v.

**CLIFF GILL,** *et al.*                                                                                **DEFENDANTS**

### OPINION

The plaintiff, who is proceeding without the assistance of counsel, filed this civil action pursuant to 42 U.S.C. § 1983. The complaint is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). Because the plaintiff failed to exhaust his administrative remedies prior to filing this action, the court will dismiss his action without prejudice.

### I. SUMMARY OF CLAIMS

The plaintiff is currently confined in the Marion Adjustment Center but brings this action due to events that occurred while incarcerated at the McCracken County Regional Jail. To this end, he sues the following persons in their official capacities only: Jailer Cliff Gill, Dr. John Cicel, and Nurse Cathy Arnold. The plaintiff states that he had "sores" on his legs for which he sought medical attention. One of the jail's employees told him that he was not going to receive any medical treatment while Defendant Arnold told him that the medical staff was going to show as much concern for him as he showed for himself while he was "on the streets." He seeks monetary and injunctive relief.

## II.  ANALYSIS

An inmate is required to exhaust his available remedies prior to filing suit in federal court, and he bears the burden of alleging and showing that he has exhausted those remedies. *See* 42 U.S.C. § 1997e(a)[1] and *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).  A primary purpose of the exhaustion requirement is to force an inmate to go through the administrative process so as to give the prison officials an opportunity to take corrective action that would keep the inmate from filing suit.  *Porter v. Nussle,* 534 U.S. 516, 525 (2002).

To establish exhaustion, a prisoner must allege and show that all available remedies have been exhausted and attach documentation demonstrating the administrative disposition of his claims.  *Brown,* 139 F.3d at 1104.  If the prisoner does not possess the documentation to demonstrate exhaustion, he must describe with specificity the administrative proceeding and its outcome.  *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert denied*, 531 U.S. 1040 (2000).  Should the authorities to whom the inmate has presented his grievance ignore his written plaint, he must proceed to the next level in the grievance process.  *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir. 1999).  In the end, a district court must dismiss a complaint without prejudice where a prisoner fails to exhaust those remedies.  *Brown,* 139 F.3d at 1102.

Finally, a prisoner may not simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or it is futile for him to do so because his grievance is now time-barred under the regulation.  *Wright v. Morris*, 111 F.3d 414, 417 n.3

---

[1]Section 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title [*i.e.*, 42], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

2

(6th Cir.), *cert. denied,* 522 U.S. 906 (1997); *see also Giano v. Goord*, 380 F.3d 670, 677 (2d Cir. 2004) (holding that an inmate "may not circumvent the exhaustion requirement simply by waiting to bring a Section 1983 action until [his] administrative complaints are time-barred. Such a rule would not comport with the purposes of the PLRA ..."). And, the inmate is required to file a grievance against each person he ultimately seeks to sue. *Burton v. Jones,* 321 F.3d 569, 574 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001).[2]

The McCracken County Jail has a grievance mechanism available to all inmates. The inmate must file his grievance on a Grievance Form issued by the jail. Grievances against the jail staff should be placed in a sealed envelop and addressed to the jailer. The jailer has 15 days within to answer the grievance. If the inmate is dissatisfied with the response or if the jailer does not respond, the inmate may appeal to the County Judge Executive. Grievances may also be made the Director of Local Facilities, who is located in Frankfort, Kentucky.

The plaintiff did not provide the court with copies of the grievance and/or appeal that he filed. Rather, he merely claimed that he filed a grievance and received no response. Because he failed to set forth with any specificity what precise steps he took to exhaust his remedies and

---

[2]The Sixth Circuit observed:

> The requirement that a prisoner file a grievance against the person he ultimately seeks to sue does not impose a heightened pleading requirement upon would-be §1983 plaintiffs. It only assures, as envisioned under the PLRA, that the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court.

*Curry,* 249 F.3d at 505.

because he failed to establish that he filed a grievance with respect to each defendant he has named in this action, the court will dismiss his complaint without prejudice.

Nothing in this decision, however, precludes this plaintiff from filing another civil action once he has satisfied § 1997e's exhaustion requirement. Moreover, the court notes that he sued these particular defendants in their official capacities only. By suing these defendants in their official capacity, the law views those claims as being brought against their employer only, which is usually a city, county or state. In this case, the action is deemed one brought against McCracken County. To hold McCracken County responsible for the deprivation of medical treatment, the plaintiff must allege that the county's policy or custom caused the constitutional violation. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). An individual capacity claim, on the other hand, seeks to hold the individuals themselves personally liable for the constitutional violations alleged. A plaintiff may sue someone in both capacities. In the event that the plaintiff satisfies the exhaustion requirement, he may initiate a new civil rights action with this clarification in mind.

The court will enter an order that is consistent with this memorandum opinion.

Date:

cc:   Plaintiff *pro se*
      4413.002

4